IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

PETITE SHANGRI-LA LLC,          )
                                      )
          Plaintiff,            )    TC-MD 250617R
                                        )
          v.                       )
                                        )
MULTNOMAH COUNTY ASSESSOR,    )
                                        )
          Defendant.        )    **DECISION OF DISMISSAL**

This matter came before the court on Defendant's Motion for Summary Judgment (Motion). Plaintiff appealed Defendant's disqualification of account R337242 (subject property) from farm use special assessment for the 2025-2026 tax year. In its Motion, Defendant alleges Plaintiff's appeal was untimely and that Plaintiff lacks standing. Plaintiff filed a Response to the Motion. This matter is now ready for the court's determination.

## I. STATEMENT OF FACTS

On June 17, 2025, prior to Plaintiff's purchase of the subject property, the Multnomah County Division of Assessment, Recording, and Taxation (DART) sent a letter via certified mail to the then-owner and Plaintiff's predecessor in interest, disqualifying the subject property from farm use special assessment. (Decl of Ha at ¶6, Ex A.) DART's representative subsequently received a certified mail receipt, indicating the disqualification letter was successfully delivered on June 21, 2025. (*Id*. at ¶7, Ex B.) The letter stated that the taxpayer could appeal the action to this court "within 90 days of the date of [the] notice." (Decl of Ha, Ex A at 4.) Plaintiff purchased the subject property on September 30, 2025. (*See* Ptf's Ex 1.[1]) On November 17,

---

[1] Plaintiff did not number its exhibits, so the court identifies them numerically by the order in which they were received.

2025, Plaintiff filed a Complaint appealing Defendant's disqualification of the property from farm use special assessment for the 2025-26 tax year.  (Compl at 1.)

## II.  ANALYSIS

At issue is whether Plaintiff has standing to appeal the disqualification and whether its appeal was timely filed.  The court will grant summary judgment when there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law.  *See* Tax Court Rule-Magistrate Division (TCR-MD) 13 B, applying Tax Court Rule (TCR) 47 C.

A.      *Standing*

Under ORS 305.275(1),[2] any person aggrieved by and affected by an act, omission, order or determination of a county assessor, including denial of special assessment, may appeal to this division if certain criteria are met.  One such criterion is that:

> "[t]he act, omission, order or determination *must affect the property of the person making the appeal or property for which the person making the appeal holds an interest that obligates the person to pay taxes imposed on the property*.  As used in this paragraph, an interest that obligates the person to pay taxes includes a contract, lease or other intervening instrumentality."

ORS 305.275(1)(b).  (Emphasis added.)  An interest that is indirect, contingent, or acquired after the challenged action is insufficient.  *See Zervis v. Dept. of Rev.*, 20 OTR 79 (2010) (finding the same).  In *Zervis*, the court held that a taxpayer who acquired property after the disputed tax was assessed lacked standing because the assessment directly affected the prior owner's rights.  *See id*. at 82.  Similarly, here, Plaintiff was not the owner when the subject property was disqualified.

Because Plaintiff did not own the property at the time of disqualification, it did not hold the legal interest affected by that action.  The disqualification affected the prior owner's tax status and rights, not Plaintiff's.  Plaintiff has provided no evidence that it held any ownership

---

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2023.

interest, possessory interest, or obligation to pay the taxes associated with the property at the time the disqualification occurred. Accordingly, Plaintiff is not a person "aggrieved by and affected by" the assessor's disqualification within the meaning of ORS 305.275(1) and lacks standing to appeal that disqualification.

B.    *Timeliness*

Even if Plaintiff had standing, the appeal was not timely filed. An appeal to this court must be made "within 90 days after the act, omission, order or determination becomes actually known to the person[.]" ORS 305.280(1). The disqualification letter was mailed via certified mail to the then-owner of the subject property, and the return receipt indicated it was received on June 21, 2025. There is no evidence indicating that Defendant's determination was not actually known by the relevant taxpayer on the date of delivery. This appeal was filed on November 17, 2025, over four months later. The appeal is untimely.[3]

## III. CONCLUSION

Plaintiff lacks standing to file this appeal, and it was untimely filed. Plaintiff's appeal for the 2025-26 tax year must be dismissed. Now, therefore,

IT IS THE DECISION OF THIS COURT that Defendant's Motion for Summary Judgment is granted.

/ / /

/ / /

/ / /

---

[3] In its Response and at the Case Management Conference, Plaintiff also challenged the subject property's real market value (RMV) for the 2025-26 tax year. (*See* Ptf's Resp at 1-2.) This argument was not included in the Complaint. Furthermore, the record does not include an appeal of the RMV of the subject property to the property value appeals board (PVAB), so this argument is not addressed here. ORS 305.275(3) ("If a taxpayer may appeal to the property value appeals board under ORS 309.100, then no appeal may be allowed under this section.").

IT IS FURTHER DECIDED that Plaintiff's appeal of the disqualification of account

R337242 from special assessment for the 2025-26 tax year is dismissed.

 

 

RICHARD D. DAVIS
MAGISTRATE

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of this Decision or this Decision cannot be changed.  TCR-MD 19 B.*

*This document was signed by Magistrate Richard D. Davis and entered on March 2, 2026.*

DECISION OF DISMISSAL  TC-MD 250617R                                                                    4